Can I proceed? Yes, please, Ken. Thank you. Good morning. My name is Doug Clowder. I represent Courtney Mann. We're here on a procedural issue of law, a rather narrow procedural issue of law. And that issue is whether or not Mr. Mann validly commenced his lawsuit for purposes of statute of limitations. And it seems that the district court misconstrued the procedural rules, i.e. those under federal rule of civil procedure 4M and the prior 4J for substantive rules, i.e. a statute of limitations. In fact, the district court said that we were beyond the statute of limitations for failing to serve the complaint within 120 days. Now, that would have been the right result prior to the 1993 amendments, but it was beyond the statute of limitations. It would have been the right result before 1993 because rule 4J said we have to show good cause to get an extension of the 120-day service rule. And in this case, we did argue at the district court level good cause, but we were primarily relying upon the amendments of 1993, which allows the court to discretionarily extend the time per service. And procedurally, that's what the court did. Kennedy. When did rule 4M, when was that in there? Miller. 1993. Kennedy. Okay. And doesn't it explicitly contemplate that a district court has authority to extend the time per service? Miller. Yes, it does. Kennedy. It says that by its expressed terms. Miller. That's our argument, yes. Kennedy. And as I understand it, the appellee here hasn't addressed rule 4M even in a brief. Because I didn't see it addressed. Miller. I believe they have not and they cannot because to meet it head-on is to concede our argument. Kennedy. Is there a requirement in terms of extending the 120-day period that the motion to extend time be made before the 120 days has elapsed? Miller. There's nothing in the rules that specify that it has to be made before the 120-day rule has elapsed. And there's no suggestion that it does need to be made at all in that or that I saw in the advisory committee notes or anything in the case law. In fact, the case cited by the Court, Pardenzi and the order that came out last or a couple weeks ago was a situation where the Court basically specifically found that the case was commenced upon filing period as Rule 3 says and then upheld the or actually allowed the case to go forward even though the summons was served beyond 120 days because the defendant in that case waived the procedural defect of service. And again, that's our argument. This is a procedural issue, the 120 days, and the Court has discretion to alter, amend or change under. On the facts of this case, did you move for the extension before or after the elapsing of the 120 days? I'd have to double check, but I believe we were beyond the 120 days at the time we filed for the motion because what happened was, and I'm almost certain of that, and I can verify that while I'm sitting back, but I believe in our affidavit we said we were beyond the 120 days. And you've got to remember the procedure here. The district court sent Mr. Mann, the pro se plaintiff, an order to show cause, which by his terms, he was on it. By the way, when he received it, I believe it was beyond 120 days already. And I'd have to verify that. I'm not as sure on that. And so he showed cause. He went and got an attorney and we discussed, you know, you're beyond 120 days, we've got to do something. So we showed cause. We asked the Court to exercise its discretion under 4M, both upon good cause, although we didn't push it very hard, and primarily upon the discretionary extension. And he did. He said, okay, fine, go ahead and serve it. You've got 30 days. And then American Airlines comes in and says, no, you're beyond the statute of limitations. Well, that is an inappropriate argument, because although before 1993, if we had not served within 120 days, the effect was to terminate the case, as would be the result in a statute of limitations defense. It really wasn't a statute of limitations defense before 1993. It was a procedural defense. The procedural rule was harsh. I thought the advisory committee notes are, first of all, I would read Rule 4M to contemplate by its terms, it certainly doesn't negate by its terms, that after the 120 days are over, someone can move for extension. That was my reading as well. And then also the advisory committee note states, and I guess this is really an inquiry that I hope your opponent, the appellee, will address in due course, that relief may be justified, and I'm reading a quote, relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, close quote. So it seems like the advisory committee note is expressly saying that an extension can be given and it may be justified if there'd be a time bar if the court dismissed it and it was refiled. That's how I read that. I may be missing something. And, in fact, I believe that's the impetus for the relaxation of the prior harsh rule, is because there are those occasional situations where the courts were not happy with the harsh result that occurred under 4J. So we've loosened it up a little bit, as is the ebb and flow of the law. If the advisory committee note seems to say that a district court may grant an extension, not required to, but may grant an extension because the statute of limitations is run, that seems to me to run squarely contrary to the district court's decision and the theory of the appellee. I'll have your opponent address that. We thought it was crystal clear. I'm just one judge. I don't know how the other judges are viewing it. The Henderson case at the Supreme Court level cited the advisory committee notes and, again, made the bold statement, arguably in dicta, however, that, look, the case starts when it's filed under FRCP3 and then they do cite the committee notes. It also seems quite clear from the advisory notes that Judge Gould referred to as well as the text that they're only talking about some action by the judge after there has been a failure, which you don't know until the 120th day. You may be able to serve somebody. But it's when you haven't complied with the rule that the judge either may or must grant an extension, depending on whether there's good cause or not. But it's all cast in terms of when there is a failure to effect it within the prescribed 120 days. It seems quite clear to us, and that's why Mr. Mann insisted that we appeal it, because he's just a logical guy, an airline pilot. And he he that's why he read the rule. And so here we are. On the other hand, is this the same Mr. Mann who's got a lot of other lawsuits? Seems to me every time I come to Seattle, I find Mr. Mann. I don't want to say the same one that's always doing American Airlines. Have you ever maybe somebody else? I think it wouldn't make any difference. I was just curious. There's a there is a pilot that this is my good luck every time I come to Seattle to get a case. Well, here we are. I was just curious. He wants to proceed with his case. We have some other procedural issues we haven't even dealt with that I anticipate will be raised throughout the litigation. And we would like to get to and see if we can meet. But in this situation, we feel that he has met the burden that he had under the court rules to file this thing in a timely manner. And it's quite clear. And we should be allowed to go forward. The premise was simply false. It might help me if you reserve some time. I would like to American Airlines has some good arguments against rule for him. Then I'd like to hear your response. And if not, we'll save you a minute and 40 seconds if you have left. Do you have any good arguments? I'm sorry, Your Honor. Do you have any good arguments against rule for it? I do not argue. Who's question? I do not argue against rule for him. Justice Gould, Justice Gould. Good morning, Your Honors. I'm Ken O'Brien for the respondent in this matter, if I might, because Justice Fletcher raised the excuse me, Judge Fletcher. Call me just as if you'd really like it would be a pleasure to justice. Judge Reinhardt has a lot of connection to the Supreme Court. I understand. They comment on his work frequently here and constantly. Your Honors, if I might, because the questions were raised in this order, if I could assist the Court first by answering the chronology question that Judge Fletcher raised and then turn to the specific issue that Judge Gould raised just to assist the Court. The – as I understand the chronology in this case, the 120th day expired on February 27th, 2001. On March 27th, which would have been the following month, 30 days thereafter, the Court issued the order to show cause to Mr. Mann. On April 19th, 2001, Mr. Mann, through his counsel, appeared and requested an additional period of time and indicated in part of the moving – the papers in response to the order to show cause that service should not be a problem because American has an agent for service locally here. And then it's on June 4th, 2001, that service is actually effectuated. So that is the chronology. If anybody is interested in the precise number of days, it's 201 days. I don't think it's material to me. I mean, frankly, it's up to the judge whether – if rule – if the rule permits service after 120 days, then the precise number of days, you know, that's kind of in the district judge's domain. So, I mean, how can you – what's your position as to what Rule 4M means if it – if it does not mean that the district court has discretion to grant an extension after 120 days? Well, if I could answer that, I'll just – I wish you would. And also, it is a little bit of a problem, in my understanding of it, that Rule 4M wasn't addressed in the appellee's briefing at all. And, you know, there may be a reason for that or it may just have been oversight. But I – you know, I think Rule 4M is at the heart of the case, however we decide it. And so we need to know the appellee's position on it. We don't think that Rule M is dispositive of this case. We concede that the district court certainly has the discretion to extend the time for service of process to be effected. After 120 days? It would appear from the comments that that is the case. It would clearly appear from the comments that that is the case. You concede that under Rule 4M, a district court, in some cases, has discretion to extend the time after 120 days? Clearly, the rule states that. The judicial – the comments, though, are not part of the rule. And Rule 4M – and nowhere else in Rule 4, to my recollection, the question of statute of limitations addressed. And employment cases are perhaps going to be the only kinds of matters in which this intersection occurs and becomes visible to us in the court system, perhaps because of the relatively brief statute of limitations periods that typically apply to Federal employment cases. Please speak up a little. I'm having trouble. I'm sorry, Your Honor. Thank you. You're welcome. So – so I don't – the reason it's not dispositive or addressed is because it's a different issue than the statute of limitations. Now, it is clear from the comments – the comments say a court may, in fact, consider the expiration of the statute of limitations as a basis upon which it can extend the time for service of process. But courts also have consistently, in other matters, held that the mere expiration of the statute of limitations is not a basis for extension, and that cases can, in fact, be dismissed under Rule 4M for failure to effect even if the statute of limitations now would bar the filing of a public case. Right, but that's in the discretion of the – the court's got discretion. It says may extend it for that reason, not must. Well, I – But if the court does extend it – I – I – Why – why isn't your client out of luck when the court does extend it? Because if – if the case is pending under a traditional analysis, the statute of limitations, you know, isn't running. And – and your theory seems to be that after 120 days, the statute starts to run, even though the case hasn't been dismissed. Am I right in that? That's the argument in your brief. Well, that – that is the argument in the brief. But is there any – It's predicated on the cases that are cited in the brief. Is there any authority that says the statute runs before there's a dismissal of a case? Because I didn't see any there. Well, the – the language which is in the Amney and Ocasio cases certainly states that. Both cases rely upon another Second Circuit case, the Farkas case, which says that. And those cases didn't deal with Rule 4M, or did they? I thought they did. Well, no, no. The – the Amney and Ocasio cases both followed the 1993 amendment. Those are 2000 – year 2000 decisions, Your Honor. What's the name of the first one? Second, Ocasio. What's the first? Amney. Amney. Yes. Yeah. And then the other case in the Second Circuit is Brasco. Now, I will admit that we don't have a published decision anywhere that I'm aware of in which the precise issue here has been determined. And I have, since receiving the Court's order, looked at the cases that have cited the Pardisi decision since it came out. And it would, in fact, appear that this confluence of facts is unique. If I may just expand on that a little bit. First of all, I don't think, in view of our position about Rule 4M, that the 93 amendment is particularly meaningful in this context. And I would simply point out that Pardisi was decided before the amendment. So that doesn't appear on its face to be a dispositive issue. We don't know from Pardisi whether this precise issue was even a problem in that case. There is a reference in Pardisi to the district court's thinking in the very beginning of the case in which the appellate court states that the district court in Pardisi granted additional time to serve because the claim might be time barred. That is the language that's in Pardisi. But there's no record in the decision from which we can tell how much, if any, of the fact effectuated on the defendant in that case. And if we do know from the record that in that case the Coleman Hospital people were served within one week. So it's possible that the issue simply never arose. But they did hold in Pardisi, as I understand it, that the statute of limitations was satisfied by the bringing the action by filing it, I guess, prior to a service of process. Yes. So again, though, we don't know what effect, if any, this intersection of facts would have had. And again, just because I want to assist the Court here, my research has revealed at least in the Ninth Circuit the case has only been cited twice by district courts, but only for the proposition which was critical to the holding in Pardisi that the defendant waived their objection, which was, after all, dispositive in Pardisi. I mean, because once it became plain to the appellate court that the defendant in that case waived the right to object, that was the basis for the decision. And it's that proposition which is the only proposition which has been cited within the Ninth Circuit. And of course, to my knowledge, the Ninth Circuit itself has not cited Pardisi. I've also looked outside of the Ninth Circuit to determine if any cases in employment have cited Pardisi where there is also a discussion of the facts present in this case and in Amne and in Ocasio, where the argument is made that the period for service has expired, and hence, the running of the statute begins anew. And although there are two cases that are the same, I don't understand where that comes from. I mean, maybe I just forget the cases, and I'm just looking at the rules. What you meet a statute, what does – whether you met the statute, what does that have to do with whether you serve or not? I can understand another problem, that if you don't serve in time, you can dismiss the case for failure to serve if it's the only defendant, and you can dismiss it because then you have to do it again, and the statute's wrong. But what does the fact that you serve and meanwhile that you file timely, and then you haven't yet served, the time is run, your case is still there, why does the statute suddenly automatically terminate? It's not been met. Where do you get that from? What rule or – where does it say anything like that? I'm doing my own poor job at trying to explain the holdings in these decisions that we have relied on and that we presented to the district court. It would appear that policy decisions underlying timely notice to the defendant can tell a situation to avoid, we think, the grossly lengthy service period that occurred in this case. And I think in each of the cases that we cited to the court, the feeling and the expression in those decisions was that although service – excuse me – although filing is certainly necessary to satisfy 42 U.S.C. Section 2000, it is not in all cases sufficient if service is not effectuated in a timely manner, and then an additional period of time lapses, which when added to the original period, would not be sufficient would total more than the statute. It's a nice idea. It's a good thing for employees to have. I understand that. But other than that, where does the law suggest that? There are two different things. One is the statute of limitations, which you've met, and then there's a requirement that you serve within a certain time, or it'll be dismissed against the person you failed to serve. And in fact, the courts – I mean, those who propound the rules felt we were too strict in the past and said the district court ought to be able to extend those periods. And they didn't say except when it's bad for employers in labor cases. There's – I realize I'm out of time, which may be a good thing. No, no, that's okay. It's not out of time. It's out of law. That's enough. We'll give you an extension. Thank you. I just don't see the argument, and I wonder whether I'm missing something. I think the issue's been fully briefed. Okay. Well, I'll say what I said to the government in the last case. Nice try. You did the best with the argument that could be done. Thank you, Your Honor. Thank you. It's well presented. You really want your minute? What is it? I'd like to just summarize it, if I could. Well, it's still possible to lose your case. We can say the wrong thing and change our mind. I know it is, Your Honor. What happened here – But you won't be discouraged. I'm trying to explain what happened. What happened here is before 1993, the 120-day limit operated as a statute of limitations in effect, although it was a procedural rule, not a substantive rule. And therefore, what happened here with Amney and Acasio is we had two pro se defendants who had their case booted out by the district court, and they didn't make the 4M argument. Instead, the district court relied upon prior law. The district courts in those cases relied on prior 1993 law to support their statute of limitations conclusion, which was, even then, poorly describing the situation. And so, therefore, essentially, we have a bad argument, two bad cases out of the First Circuit. Well, once a case is dismissed, it's clear that if a case is dismissed for failure to serve, then the statute starts to run again at the point of dismissal until there's a refiling. And then you count that time towards the statute, right? Right. That's what it stood for. But, of course, we were dealing with 4J, which required an audit. You had to do it within 120 days, period, unless you had good cause. So that's the difference. That's the distinction. We – essentially, the argument American Airlines made was based upon a series of false premises. Thank you, counsel. The case is arguably submitted. Thank you both very much. Wow. Okay. If you want to go ahead. I'm fine. I'm fine today. Next case on the calendar is.
judges: Reinhardt, W Fletcher, Gould